IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

CHERYL L. COOK                                                                           PLAINTIFF

V.                                  NO. 12-2137

CAROLYN W. COLVIN,[1]
Acting Commissioner of the Social Security Administration         DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Cheryl L. Cook, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claims for a period of disability and disability insurance benefits (DIB) and supplemental security income (SSI) under the provisions of Titles II and XVI of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 406(g).

**I.      Procedural Background:**

Plaintiff filed her applications for DIB and SSI on April 23, 2010, due to scoliosis, back pain, leg pain, pinched nerves, and Plummer's Disease.[2] (Tr. 106-108, 114-117, 153). An administrative hearing was held on December 8, 2010, at which Plaintiff appeared with counsel and testified. (Tr. 22-48).

---

[1] Carolyn W. Colvin, has been appointed to serve as acting Commissioner of Social Security, and is substituted as Defendant, pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure.

[2] Plummer's disease - eponym sometimes applied to hyperthyroidism resulting from a nodular toxic goiter, usually not accompanied by exophthalmos. Stedman's Medical Dictionary 562 (28th ed. 2006).

-1-

By written decision dated January 24, 2011, the ALJ found that Plaintiff had an impairment or combination of impairments that were severe - back disorder (scoliosis and degenerative disc disease). (Tr. 17). However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 17). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except as follows: The claimant is able to frequently lift and/or carry ten pounds, and occasionally twenty pounds, push and/or pull within the limits for lifting and carrying, sit for a total of about six hours in an eight hour work day, and stand and/or walk for a total of about six hours in an eight hour work day. The claimant cannot climb ladders, scaffolds, or ropes. The claimant can occasionally stoop, bend, kneel, crouch, or crawl.

(Tr. 18). With the help of the vocational expert (VE), the ALJ determined that Plaintiff was able to perform her past relevant work as a Case Worker and Security Worker. (Tr. 20).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied the request on April 25, 2012. (Tr. 1-3). Subsequently, Plaintiff filed this action (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 3). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 7, 8).

The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs, and are repeated here only to the extent necessary.

**II.    Applicable Law:**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F. 3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind

would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F. 3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F. 3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F. 3d 1211, 1217 (8th Cir. 2001); see also 42 U.S.C. §§423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§423(d)(3), 1382(3)(D). A Plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant had engaged in substantial gainful activity since filing her claim; (2) whether the claimant had a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) met or equaled

an impairment in the listings; (4) whether the impairment(s) prevented the claimant from doing past relevant work; and (5) whether the claimant was able to perform other work in the national economy given her age, education, and experience. See 20 C.F.R. §416.920. Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of her residual functional capacity (RFC). See McCoy v. Schweiker, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. §416.920.

## III. Discussion:

Plaintiff raises one issue on appeal - that the ALJ erred in rejecting Plaintiff's subjective complaints of disabling pain and failing to adequately consider the side effects of Plaintiff's medication. (Doc. 7).

**Credibility Findings:**

The ALJ was required to consider all the evidence relating to Plaintiff's subjective complaints including evidence presented by third parties that relates to: (1) Plaintiff's daily activities; (2) the duration, frequency, and intensity of her pain; (3) precipitating and aggravating factors; (4) dosage, effectiveness, and side effects of her medication; and (5) functional restrictions. See Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984). While an ALJ may not discount a claimant's subjective complaints solely because the medical evidence fails to support them, an ALJ may discount those complaints where inconsistencies appear in the record as a whole. Id. As the Eighth Circuit has observed, "Our touchstone is that [a claimant's] credibility is primarily a matter for the ALJ to decide." Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003).

In this case, the ALJ found that Plaintiff's medically determinable impairment could

reasonably be expected to cause the alleged symptoms, but that Plaintiff's statements concerning the intensity, persistence and limiting effects of the symptoms were not credible to the extent they were inconsistent with the RFC assessment. (Tr. 18). In making this finding, the ALJ considered the fact that x-rays of Plaintiff's lumbar spine showed moderate levoscoliosis of the lumbar spine with normal vertebral body heights, no destructive osseous changes, but mild L4-5 and L5-S1 interspace narrowing. (Tr. 19). The ALJ also considered the opinions of Plaintiff's treating physicians, Dr. Ronald D. Schlaback and Dr. Michael G. Kemp, of Alma Family Medical Clinic. (Tr. 19). Plaintiff was referred to River Valley Orthopedics, where, on December 7, 2009, Dr. Thomas E. Cheyne interpreted Plaintiff's x-rays to show mild to moderate degenerative disk changes from L4 to SI as well as at the L1-2 level. Dr. Cheyne recommended that Plaintiff take Mobic and take hot showers twice daily, to remain active but protective of her back, and noted that Plaintiff smoked 15 to 20 cigarettes per day. (Tr. 221-222).

The ALJ also considered the December 28, 2009 MRI scan, which revealed disc desiccation most prominent in the lumbar spine at L1-2 and L4-5 levels - no significant central canal stenosis evidence, mild disc bulging at these levels, and an additional note was made of there being a small right foraminal disc herniation suspected at L3-4, doubtful neurologic significance. (Tr. 217-218). Plaintiff was referred for epidural steroid injection, which, according to Plaintiff, was not successful. (Tr. 227).

Plaintiff continued to see Dr. Kemp for her pain, and tried taking Lorcet for pain. (Tr. 227). Dr. Kemp noted that she was to take no more than 3 ½ a day. Plaintiff had trouble with nausea and vomiting, related to taking the medicine, and reported that when she became ill, she took more medicine, which ran her out of her medicine early. (Tr. 227). The ALJ noted that

AO72A
(Rev. 8/82)

when Plaintiff saw Dr. Kemp on June 24, 2010, Plaintiff had been taking more Lorcet that what was prescribed because her back was giving her so much trouble. (Tr. 290). On August 5, 2010, Plaintiff told Dr. Kemp she had driven to Memphis to attend the funeral of her brother, and had increased back pain. (Tr. 289). Dr. Kemp cautioned Plaintiff that she did not need to take any more medicine than was prescribed for her and should make them last. (Tr. 289).

The ALJ recognized that Plaintiff suffered from some degree of intermittent back pain as a result of mild to moderate degenerative disc disease associated with scoliosis and that the pain is exacerbated by increased activity. (Tr. 20). However, the ALJ also noted that the inability to work without some pain or discomfort is not a sufficient reason to find a claimant disabled. (Tr. 20). He reported that the factor of subjective pain and discomfort, which in and of itself may prove to be disabling, has been duly recognized and considered, but that the mere inability to work without some degree of pain or discomfort did not necessarily constitute a "disability" for Social Security. (Tr. 20). The ALJ found that his RFC assessment took into consideration all the pertinent evidence in the record as a whole. (Tr. 20). The Court agrees.

As indicated by the ALJ and by the record as a whole, Plaintiff engages in excessive use of pain medications. The physicians have recommended only conservative treatment, and there is no indication that Plaintiff's back conditions have deteriorated to the extent that she would not be able to perform work activities. It is noteworthy that on May 11, 2009, Dr. Schlaback recommended that Plaintiff restart Piroxicam once daily, and that Plaintiff had stopped it, perceiving that it wasn't giving much help. (Tr. 242). However, Dr.Schlaback reported that if she took it, he would anticipate "less episodes of flare-ups." (Tr. 242). He also suggested a trial of Robaxin 500 mg every six hours p.r.n. for muscle spasm, and encouraged Plaintiff to try to

do a daily walking.  (Tr. 242). Such instructions are inconsistent with allegations of disabling pain.

Based upon the foregoing, as well as for those reasons given in Defendant's well-stated brief, the Court finds that there is substantial evidence to support the ALJ's credibility findings.

## IV.     Conclusion:

Accordingly, having carefully reviewed the record, the Court finds substantial evidence supporting the ALJ's decision denying the Plaintiff benefits, and thus the decision is hereby affirmed. The undersigned further finds that Plaintiff's Complaint should be, and is hereby, dismissed with prejudice.

IT IS SO ORDERED this 12th day of August, 2013.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)